## No. 11,514.

Colorado State Bank of Durango v. Bird, et al.

Decided June 28, 1926.

On motion to dismiss writ of error.

*Writ Dismissed.*

1. Appeal and Error—*Final Judgment—Writ of Error.* A writ of error does not lie to review proceedings in which no final judgment has been entered.

2. *Issue of Fact—New Trial.* A judgment based upon findings of the court upon evidence submitted by both parties, cannot be reviewed by the Supreme Court in the absence of a motion for a new trial or order of court dispensing therewith.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. CHARLES F. MILLER, for plaintiff in error.

Mr. HENRY B. BABB, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

UNDER chapter 19 of our Code of Procedure relating to revival of judgments, the judgment creditor bank filed its petition in this action for a revival of a joint and several judgment which was rendered against the defendants in the bank's favor September 21, 1903. The court revived the judgment as to the respondent Howard, but refused to revive it as against respondent Bird. The bank is here with its writ of error to have reviewed the judgment discharging Bird from the rule to show cause. Respondent Bird has moved to dismiss the writ of error as to him chiefly upon the ground, as we gather from the motion, that plaintiff in error failed to apply for a new trial. The record is ambiguous and uncertain, and the rulings of the court at different times are apparently inconsistent, so that it has been a difficult task to pass upon this motion. We think, however, that it must be granted. Both the judgment debtors were served with process in this proceeding. Howard defaulted and judgment went against him upon his default. The respondent Bird traversed the allegations of the petition, and one of his defenses is that he was not served with process in the original action and did not appear therein. Upon the issues of fact thus joined the trial was to the court without a jury by consent of the parties. It further appears that upon two different days evidence of the parties was heard and at the end of the trial the court took the case under advisement and required the parties to file briefs. Thereafter on December 1, 1924, the record contains a

recital of a denial of the petition for revival as to Bird. Unless this recital is to be taken as a judgment against the bank and in favor of Bird, the record contains no final judgment as between petitioner and this respondent. We shall assume with the parties, however, that the court intended to and did render a judgment discharging the respondent Bird from the rule to show cause and denied the revival as to him.

The findings and the judgment of the court are based upon the evidence produced which was in conflict. Rule 8 of this court provides that: ''The party claiming error in the trial of any case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only questions presented in such motion will be considered on review.'' The bank did not file a motion for a new trial in this proceeding. The court did not by order dispense therewith. The issues joined were issues of fact. The facts cannot be considered on this review for failure of petitioner to file a motion for new trial and there was no court order dispensing therewith. Plaintiff in error, however, contends, if we correctly apprehend him: ''That the order of the court denying the petition to revive the judgment as against Bird is merely an opinion and decision of the court sustaining a motion of Bird to discharge the rule to show cause, and, therefore, a motion for new trial was not necessary, since Bird's motion was in the nature of a motion in arrest of judgment.'' It is too clear for argument that the judgment of the trial court denying relief as against the defendant Bird was based upon its findings in his favor under the controverted issues of fact raised by the pleadings in the case. After entry of what we have assumed to be the judgment in favor of Bird discharging him from the rule, the petitioner filed its motion for a rule on the respondent Bird to plead to the original complaint in the action which was filed more than twenty years previously and the court granted the

motion. A few days later, however, the court sustained Bird's objection to such order, and in effect set it aside. Still later the court ordered judgment of revival against the respondent Howard.

Our conclusion is, first, either that no final judgment has been entered in the case as against Bird, and, if so, that writ of error does not lie as to him; or, second, if there was a final judgment discharging him from the rule to show cause, it was based upon the findings of the court upon the evidence submitted by both parties and cannot be reviewed here in the absence of a motion for a new trial.

Neither respondent has objected to this revival proceeding on the ground that the judgment was a joint judgment for a partnership debt and that, if revived at all, must be against both of the respondents. The bank, of course, does not question the validity of the judgment in its favor as against Howard, one of the respondents. We shall, therefore, not for ourselves raise any question about the propriety of the proceeding and merely refer to 34 C. J. sec. 1015, p. 660, where authorities are collected as to a revival of joint judgments against two or more joint defendants.

Writ of error dismissed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAROR concur.